UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00415-FDW

| | | |
|---|---|---|
| MLU KAPA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| U.S. Immigration and Naturalization Service, et al., | ) ) | |
| Respondents. | ) ) | |

**THIS MATTER** is before the Court upon initial review of Mlu Kapa's pro se pleading, filed July 6, 2017, which this Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). (Doc. No. 2.) Kapa filed this action in the United States District Court for the Southern District of New York, which transferred it to this Court on July 17, 2017. Also before the Court are Kapa's Application to Proceed Without Prepayment of Fees and Affidavit ("IFP Application") (Doc. No. 1) and Motion for Leave to File Pleading (Doc. No. 5).

**I. BACKGROUND**

According to Kapa's Petition, he currently is detained in the Buffalo Federal Detention Facility in Batavia, New York; he does not state the reason for his detention. A review of this Court's criminal case records shows Kapa has not been indicted on, or convicted of, a federal crime in the Western District of North Carolina. According to the North Carolina Department of Public Safety records,[1] Kapa served an active sentence for sex offense convictions in

---

[1] See N.C. Dep't of Public Safety Offender Public Info., http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view

1

Mecklenburg County, North Carolina. He was released from state prison on June 22, 2016. At some point thereafter, he was taken into federal custody.

As part of the instant Petition, Kapa has included an N-400 Application for Naturalization dated June 7, 2017. (N-400 App., Doc. No. 2 at 12-21.) According to the Application, Kapa is a native of Vietnam. (Doc. No. 2 at 13.) He became a permanent resident of this country on August 30, 2008, and has resided in Charlotte, North Carolina, since 2005. (Doc. No. 2 at 13, 14.) His N-400 Application indicates that "removal, exclusion, rescission, or deportation proceedings" are pending against him and that he has been "ordered to be removed, excluded, or deported from the United States." (Doc. No. 2 at 20.)

Kapa's pleading is extremely difficult to understand, but it is clear he is seeking to become a naturalized citizen to avoid deportation from this country. What is not clear is whether he is asking the Court to naturalize him (Pet. 9, Doc. No. 2 ("Plaintiff upon the filing seeks the Court process the Application of the (illegible) Plaintiff shall become naturalized U.S. citizen.")), or is seeking judicial review of the naturalization proceedings (Pet. 8 ("Plaintiff request the Defendant to process the . . . Application for Naturalization[.]")). He names the United States Immigration & Naturalization Service, United States Attorney General Jefferson B. Sessions, III, and the United States Department of Justice's Office of Immigration Litigation - Civil Division as Respondents in this action.

II.     **STANDARD OF REVIEW**

Federal courts are "courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). They possess only the power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541–42 (1986). "If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, the Court looks merely to the sufficiency of Kapa's pleading to determine if he has alleged sufficient facts to indicate that the Court has subject-matter jurisdiction over this action. See Wayside Church v. Van Buren Cty., 847 F.3d 812, 816 (6th Cir. 2017) (citing Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007)). The Court takes the allegations in the pleading as true. See Wayside Church, 847 F.3d at 816 (citation omitted).

### III. DISCUSSION

Prior to 1990, the authority to naturalize individuals seeking United States citizenship was vested in the Judiciary. See 8 U.S.C. § 1421 (1988) ("Exclusive jurisdiction to naturalize persons as citizens of the United States is conferred upon . . . District courts of the United States[.]"). In 1990, however, Congress conferred upon the Attorney General, "sole authority to naturalize persons as citizens of the United States . . . ." Immigration Act of 1990, Pub.L. No. 101–649, § 401(a), 104 Stat. 4978, 5038 (1990) (codified at 8 U.S.C. § 1421(a)). Moreover, the Immigration Act provides, in relevant part, that:

> no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act[.]

8 U.S.C. § 1429. As noted, Kapa's Application indicates both that "removal, exclusion, rescission, or deportation proceedings" are pending against him and that he has been "ordered to be removed, excluded, or deported from the United States." (Doc. No. 2 at 20.) Thus, to the extent Kapa is asking the Court to process his N-400 Application, declare him a naturalized

citizen, and order his release from federal custody, the Court does not have the authority to do so. See id. Nor does the Court have the authority to order the Attorney General to naturalize Kapa. See § 1429.

The Court does retain authority to review certain administrative naturalization decisions in limited circumstances, such as when the United States Citizens and Immigration Service ("USCIS")[2] fails to render a decision on an application for naturalization within the statutory timeframe, see 8 U.S.C. § 1447(b), or when an application for naturalization has been denied by USCIS and the applicant has exhausted all administrative remedies, see 8 U.S.C.A. § 1421(c); 8 C.F.R. § 336.9(b). Kapa, however, has failed to allege sufficient facts indicating that the Court has subject-matter jurisdiction over this action under either § 1421(c) or § 1447(b).

At a minimum, the Court's jurisdiction depends upon USCIS either denying an application for naturalization, § 1421(c), or failing to render a decision on an application within 120-days of interviewing the applicant, see §§ 1446, 1447(b); 8 C.F.R. §§ 312.5(b), 335.2(a)-(b), 335.3. It should go without saying that the USCIS cannot do either unless an application has been filed, and it is not clear from Kapa's Petition that he has filed an N-400 Application directly with USCIS. Assuming that he has, Kapa does not state whether the application was denied, or if, and when, he was interviewed about his application. Consequently, he has failed to plead sufficient facts indicating that the Court has subject-matter jurisdiction over this action. See Wayside Church, 847 F.3d at 816.

The Court will dismiss the habeas Petition without prejudice so that Petitioner may file a

---

[2] The United States Citizens and Immigration Service is the successor agency to the Immigration and Naturalization Service.

4

properly pleaded habeas petition in the future. Kapa's IFP Application shall be granted, but his Motion for Leave to File Pleading shall be denied, as it is no more intelligible than the Petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 2) is **DISMISSED** without prejudice;

2. Petitioner's Application to Proceed without Prepayment of Fees and Affidavit (Doc. No. 1) is **GRANTED**;

3. Petitioner's Motion for Leave to File Pleading (Doc. No. 5) is **DENIED**.

Frank D. Whitney
Chief United States District Judge